UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FREDERICK BANKS,** | Civil Action No. 25-18650 (SDW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **B TARQUINIO, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. Plaintiff Frederick Banks, presently detained at FCI Fort Dix, submitted a Complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1).

2. The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed. Plaintiff seeks to proceed *in forma pauperis*. (ECF No. 1 at 6).

3. The Prison Litigation Reform Act contains a "three strikes" provision that "prevents a prisoner from suing *in forma pauperis*—that is, without first paying the filing fee—if three or more civil actions or appeals filed by the prisoner have previously been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Garrett v. Murphy*, 17 F.4th 419, 425 (3d Cir. 2021) (cleaned up) (citing 28 U.S.C. § 1915(g)).

4.      Plaintiff has had at least three qualifying dismissals: *Banks v. U.S. Marshal*, 274 F. App'x 631, 635 (10th Cir. 2008) (dismissing two appeals, Nos. 07-06191 and 07-06230, as frivolous); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 585 (W.D. Pa. 2008) (granting motion to dismiss for failure to state a claim); *see also In re Banks*, 450 F. App'x 155, 157 n.1 (3d Cir. 2011) (noting plaintiff is "a three-strikes litigant.")  Therefore, he may not proceed *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

5.      Plaintiff alleges Defendants lacked jurisdiction to arrest him and that Fort Dix is illegally deducting funds from his inmate account.  (ECF No. 1 at 2-3).

6.      "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"  *Id.* at 313.  Moreover, "[t]o fulfill the 'imminent danger' requirements, [plaintiff] must demonstrate an adequate nexus between the claims" in the complaint "and the 'imminent danger [he] alleges.'"  *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (per curiam) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

7.      Nothing in Plaintiff's Complaint suggests that he will be in imminent danger of serious physical injury if he is not permitted to proceed *in forma pauperis*.  Therefore, Plaintiff's request to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g).

8.      The Clerk shall be ordered to administratively terminate the case without filing the Complaint.  Plaintiff must pay the $405 filing and administrative fees before the Complaint may be filed.  The Clerk will be directed to reopen the matter once Plaintiff pays the filing fee.

9. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: January 8, 2026